UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO AGUILAR,

      Plaintiff,

v.                          Case No: 2:19-cv-105-FtM-29NPM

LVNV FUNDING LLC and O&L LAW
GROUP, P.L.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike (Doc. #27) filed on April 22, 2019. Defendant filed a Response (Doc. #32) on May 6, 2019, and plaintiff filed a Reply (Doc. #41) on June 12, 2019. For the reasons set forth below, the motion is granted.

## I.

On February 2, 2019, plaintiff Orlando Aguilar (Plaintiff) filed a Complaint (Doc. #1) against defendant LVNV Funding LLC (LVNV), alleging numerous violations of Section 1692e of the Fair Debt Collection Practices Act (the FDCPA). According to the Complaint: At some point after August 10, 2001, Plaintiff defaulted on a credit card debt he incurred, and his debt was ultimately sold to Hudson & Keyse, L.L.C. (H&K). (Doc. #1, ¶¶ 9-10.) On September 22, 2008, H&K filed a debt-recovery action against Plaintiff in the County Court of the Twentieth Judicial Circuit in

and for Lee County, Florida.  (Id. ¶ 11.)  On December 8, 2008[1],
the county court entered final judgment in favor of H&K and against
Plaintiff.  (Id. p. 35.)

In the county court action on June 13, 2016, H&K filed a
notice indicating that it assigned its interests in the final
judgment to LVNV.  (Id. ¶ 13.)  The notice attached an affidavit
executed by "an authorized representative of LVNV," which provided
that H&K assigned its rights in the final judgment to LVNV "in
exchange for valuable consideration . . . ."  (Id. p. 38.)  On May
18, 2018, LVNV filed a motion for writ of garnishment in the county
court action, seeking to garnish Plaintiff's wages.  (Id. ¶ 19.)

In this case, Plaintiff alleges LVNV violated the FDCPA by
filing motions in the county court action "without ever seeking or
being granted leave . . . to substitute party plaintiffs,"
misrepresenting that LVNV was a plaintiff in the lawsuit, and
moving the court to enter "final judgment permitting LVNV to
garnish [Plaintiff's] wages."  (Id. ¶¶ 22-23.)  LVNV filed an
Amended Answer and Affirmative Defense (Doc. #17) on April 9, 2019.
In it, LVNV asserts that Plaintiff's claims against LVNV arise out
of LVNV's litigation conduct in the county court case, and that

---

[1] The Complaint states final judgment was entered on December
8, 2018 (Doc. #1, ¶ 11), but the final judgment attached to the
Complaint (Doc. #1, p. 35) indicates that judgment was entered on
December 8, 2008.

LVNV is not liable for such litigation conduct pursuant to the First Amendment and the Noerr-Pennington doctrine.[2]

## II.

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

As this Court has recently discussed in detail, compliance with Rule 8(c) requires a defendant to set forth "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to

---

[2] LVNV also argued it is not liable for such litigation conduct under Florida's litigation privilege; however, LVNV has since withdrawn that assertion. (Doc. #32, p. 3.)

rebut or properly litigate the defense. Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)). Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs." Id. (citations omitted).

### III.

Plaintiff now moves to strike LVNV's affirmative defense. Plaintiff contends that (1) LVNV has failed to allege sufficient facts to put Plaintiff on notice of the grounds on which the affirmative defense rests; and (2) LVNV's affirmative defense is otherwise legally insufficient because the First Amendment and the Noerr-Pennington doctrine are not valid defenses in this case.

### A.   Whether LVNV Sufficiently Pled its Affirmative Defense

LVNV asserts in its affirmative defense that Plaintiff's claims against LVNV are premised on LVNV's underlying litigation conduct as set forth in paragraphs 13-23 of the Complaint, and that it is not liable for such conduct under the First Amendment and the Noerr-Pennington doctrine. In relevant part, Paragraphs 13-23 of the Complaint allege that LVNV (1) filed an affidavit in the county court action averring that it was the assignee of H&K's interests in the final judgment; (2) represented itself as the plaintiff in the action without seeking leave of court to

substitute parties; and (3) continued to misrepresent that LVNV was the plaintiff in the county court action.  LVNV contends in its affirmative defense that such litigation conduct is "absolutely privileged and protected by" the First Amendment and the Noerr-Pennington doctrine.

As to the Noerr-Pennington doctrine, the Court finds LVNV's affirmative defense to be sufficiently pled because it asserts that LVNV is not liable for the litigation conduct described in paragraphs 13-23 of the Complaint under the Noerr-Pennington doctrine.  As to the First Amendment, however, LVNV fails state the basis of its First Amendment defense.  This leaves Plaintiff (and the Court) to speculate as to the grounds on which its First Amendment affirmative defense rests.[3]

## B.   Whether the Noerr-Pennington Doctrine is a Valid Affirmative Defense

Plaintiff asserts that LVNV's affirmative defense is legally insufficient because the Noerr-Pennington doctrine is not a valid defense to an FDCPA claim.  The Court agrees.

---

[3] To the extent LVNV's First Amendment affirmative defense is premised on the First Amendment right to petition, such an affirmative defense is inapplicable to the FDCPA for the reasons discussed *infra*.  TEC Cogeneration Inc. v. Fla. Power & Light Co., 76 F.3d 1560, 1570 (11th Cir.), modified in part on other grounds, 86 F.3d 1028 (11th Cir. 1996)(The Noerr-Pennington doctrine "protects First Amendment rights to assemble and petition government.").

Derived from the First Amendment, the Noerr-Pennington doctrine recognizes "that it would be destructive of rights of association and of petition to hold that groups with common interests may not, without violating the antitrust laws, use the channels and procedures of state and federal agencies and courts to advocate their causes . . . ." California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510-11 (1972). The Noerr-Pennington doctrine was first recognized in the antitrust context and provides that "[t]hose who petition government for redress are generally immune from antitrust liability." Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 56 (1993).

Some circuit courts have since extended the doctrine's application outside the antitrust context. See Venetian Casino Resort, L.L.C. v. N.L.R.B., 793 F.3d 85, 90 (D.C. Cir. 2015) (explaining "the Noerr-Pennington doctrine as it applies in the labor law context" (citation and quotation omitted)); IGEN Int'l, Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 312 (4th Cir. 2003)(noting that "Noerr-Pennington immunity applies to business torts"). The Eleventh Circuit, however, has limited its Noerr-Pennington analysis to antitrust actions. See e.g. Andrx Pharm., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1233 (11th Cir. 2005)(noting that the Noerr-Pennington doctrine "shields a defendant from antitrust liability").

In its affirmative defense, LVNV seeks to extend the doctrine to the instant FDCPA action.  Plaintiff contends, however, that the Supreme Court's opinion in Heintz v. Jenkins, 514 U.S. 291, 294 (1995) precludes the Noerr-Pennington doctrine's application in FDCPA cases.  In Heintz, the Supreme Court held that the FDCPA "applies to the litigating activities of lawyers."  Id. at 294. After Heintz, the Eleventh Circuit found that "[b]oth the clear language [of the FDCPA] chosen by Congress and the Supreme Court's explicit pronouncement in Heintz compel the conclusion that the FDCPA applies to all litigating activities of debt-collecting attorneys . . . ." Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1299 (11th Cir. 2015). Relevant here, the court noted that the FDCPA applies to such litigation conduct, "subject only to the limited exceptions Congress has chosen to include in the statute." Id. at 1304.  The court thus held the FDCPA "encompasses actions undertaken . . . both in and out of state court, in collecting on [a] debt."  Id. at 1300.

Here, the Court finds that the Noerr-Pennington doctrine is inapplicable in this FDCPA action because the FDCPA clearly "encompasses actions undertaken . . . both in and out of state court, in collecting on [a] debt"; to find otherwise would be in direct contravention of Heintz and Miljkovic.  Id. at 1300; see also Roban v. Marinosci Law Grp., 34 F. Supp. 3d 1252, 1255 (S.D. Fla. 2014)("The Noerr-Pennington doctrine does not apply" to the

FDCPA.); Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C., 114 F. Supp. 3d 1342, 1361 (N.D. Ga. 2015)(finding the Noerr-Pennington doctrine inapplicable in an FDCPA action and noting that "not a single court in the Eleventh Circuit has ever applied Noerr-Pennington to bar an FDCPA claim." (citation and quotation omitted)).[4]  Indeed, although some circuit courts have extended the Noerr-Pennington doctrine outside the antitrust context, none have extended its application to the FDCPA.  See e.g. Wise v. Zwicker & Assocs., P.C., 780 F.3d 710, 719 n.5 (6th Cir. 2015)(finding the Noerr-Pennington doctrine inapplicable to the FDCPA because "[t]he FDCPA specifically includes lawyers and litigation activities within its purview" (citation omitted)); Tobing v. Parker McCay, P.A., No. 317CV00474BRMDEA, 2018 WL 2002799, at *9 (D.N.J. Apr. 30, 2018)(noting that the Third Circuit has not "extend[ed] the Noerr-Pennington doctrine to FDCPA cases"); Gerber v. Citigroup, Inc., No. CIV S07-0785WBSJFMPS, 2009

---

[4] Citing to Coursen v. JP Morgan Chase & Co., No. 8:12-CV-690-T-26EAJ, 2013 WL 5437341, at *9 (M.D. Fla. Sept. 27, 2013), LVNV asserts the Noerr-Pennington doctrine applies to the FDCPA. In Coursen, the court noted that "[f]ederal and Florida law both recognize absolute immunity from civil actions based upon an attorney's conduct in previous litigation" and found that such immunity applied to the plaintiff's complaint, which included an FDCPA claim.  The Court, however, finds Coursen unpersuasive for two reasons.  First, the court in Coursen applied the doctrine of absolute immunity, not the Noerr-Pennington doctrine.  Id. Second, to the extent Coursen applied the Noerr-Pennington doctrine, Miljkovic has since confirmed that litigation conduct falls within the purview of the FDCPA.

WL 248094, at *4 (E.D. Cal. Jan. 29, 2009)("[T]he Ninth Circuit has not [] found that the Noerr-Pennington doctrine applies to FDCPA cases.").

While Plaintiff must still ultimately prove that LVNV's alleged litigation conduct violated the FDCPA, the Noerr-Pennington doctrine does not serve as a valid affirmative defense to an FDCPA claim. Miljkovic, 791 F.3d at 1299-1304 (The FDCPA "unquestionably applies to [] litigating activities . . . subject only to the limited exceptions Congress has chosen to include in the statute." (citations omitted)). Thus, Plaintiff's motion is granted and LVNV's affirmative defense is stricken. Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779 (11th Cir. 1982)(noting that a district court may strike a legally insufficient affirmative defense under Rule 12(f)).

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Strike (Doc. #27) is **GRANTED.**

2.   LVNV Funding LLC may file an Amended Answer and Affirmative Defense within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of July, 2019.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record