UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO AGUILAR,

    Plaintiff,

v.   Case No: 2:19-cv-105-FtM-29NPM

LVNV FUNDING LLC and O&L LAW
GROUP, P.L.,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike (Doc. #33) filed on May 9, 2019. Defendant filed a Response (Doc. #35) on May 16, 2019. For the reasons set forth below, the motion is denied.

**I.**

On February 2, 2019, plaintiff Orlando Aguilar (Plaintiff) filed a Complaint (Doc. #1) against defendant O&L Law Group, P.L. (O&L), alleging numerous violations of the Fair Debt Collection Practices Act (the FDCPA). According to the Complaint: At some point after August 10, 2001, Plaintiff defaulted on a credit card debt he incurred, and his debt was ultimately sold to Hudson & Keyse, L.L.C. (H&K). (Doc. #1, ¶¶ 9-10.) On September 22, 2008, H&K filed a debt-recovery action against Plaintiff in the County Court of the Twentieth Judicial Circuit in and for Lee County,

Florida.  (Id. ¶ 11.)  On December 8, 2008[1], the county court entered final judgment in favor of H&K and against Plaintiff. (Id. p. 35.)

In the county court action on June 13, 2016, H&K filed a notice indicating that it assigned its interests in the final judgment to LVNV.  (Id. ¶ 13.)  The notice attached an affidavit executed by "an authorized representative of LVNV," which provided that H&K assigned its rights in the final judgment to LVNV "in exchange for valuable consideration . . . ."  (Id. p. 38.)  O&L then began representing LVNV in the county court action.  (Id. ¶ 19.)  On May 18, 2018, O&L, on behalf of its client LVNV, filed a motion for writ of garnishment in the county court case, seeking to garnish Plaintiff's wages.  (Id.)

In this case, Plaintiff alleges O&L violated the FDCPA by (1) "falsely alleging to [Plaintiff] and to the Lee County Court . . . that LVNV, a non-party . . . was legally entitled to collect" the debt owed by H&K; (2) "falsely alleging . . . that LVNV was assignee and legal owner of the" debt owned by H&K; and (3) "manipulating the court system into garnishing [Plaintiff's] wages in favor of LVNV."  (Id. ¶¶ 31, 37, 55.)  O&L filed an Amended Answer and Affirmative Defenses (Doc. #29) on April 25, 2019.  In

---

[1] The Complaint states final judgment was entered on December 8, 2018 (Doc. #1, ¶ 11), but the final judgment attached to the Complaint (Doc. #1, p. 35) indicates that judgment was entered on December 8, 2008.

it, O&L asserts that (1) Plaintiff failed to mitigate his damages; (2) "its liability is excused because its error was not intentional and resulted despite the adaptation of reasonable procedures designed to avoid violations of the Fair Debt Collection Practices Act"; and (3) Plaintiff's claims are barred in part by the FDCPA's statute of limitations. (Id. pp. 8-9.) Plaintiff now moves to strike O&L's Second and Third Affirmative Defenses.

**II.**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

As this Court has recently discussed in detail, compliance with Rule 8(c) requires a defendant to set forth "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any

supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense. Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)). Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs." Id. (citations omitted).

## III.

**A. Second Affirmative Defense**

O&L's Second Affirmative Defense provides that:

> To the extent that Plaintiff can establish O&L committed any violation of the Fair Debt Collection Practices Act, its liability is excused because its error was not intentional and resulted despite the adaptation of reasonable procedures designed to avoid violations of the Fair Debt Collection Practices Act, including, but not limited to its processes for review and analysis of assignment documents provided by its debt buyer clients including, but not limited to requiring verified affidavits of assignments.

(Doc. #29, p. 9.) Plaintiff seeks to strike this affirmative defense because it "fails to notify Plaintiff of the specific facts giving rise to such defense in this case." (Doc. #33, p. 3.) In particular, Plaintiff contends that O&L failed to "identif[y] the alleged error or errors" and also failed to "specifically

identif[y] the procedures it allegedly maintains to avoid such errors." (Id.)

This affirmative defense is referred to as a "bona fide error" defense, which provides that a defendant may avoid liability under the FDCPA where it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In asserting this bona fide error affirmative defense, O&L alleges that, to the extent Plaintiff establishes that O&L violated the FDCPA, such violation was unintentional and resulted despite O&L's "processes for review and analysis of assignment documents provided by its debt buyer clients including, but not limited to requiring verified affidavits of assignments." (Doc. #29, p. 9.) The Court finds the Second Affirmative Defense is sufficiently pled because it alleges O&L's basis for asserting its bona fide error defense.[2]

---

[2] Several courts in this District and Circuit have found that the bona fide error affirmative defense must be pled with particularity under Rule 9(b)'s heightened pleading standard. Plaintiff moves the Court to apply the Rule 9(b) standard to the Second Affirmative Defense, and contends O&L failed to plead its affirmative defense with particularity under Rule 9(b). Assuming, without deciding, that the Rule 9(b) standard applies, the Court finds O&L has pled its affirmative defense with sufficient particularity. See e.g. U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (In general, "[p]articularity means that a plaintiff must plead facts as to time, place, and substance," but Rule 9(b) "does not mandate all [relevant] information for [each] alleged claim." (citations and quotations omitted)).

Plaintiff additionally argues that the Second Affirmative Defense should be stricken to the extent that O&L's alleged bona fide error was "an error of law rather than of fact . . . ." (Doc. #33, p. 4.) Relying on Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573 (2010), Plaintiff asserts it "is well established that the 'bona fide error' defense to an FDCPA action applies only to mistakes of fact" and does not apply to mistakes of law. (Id.)

Whether a bona fide error defense applies only to a mistake of fact, however, is not well established. In Jerman, the Supreme Court held a mistake of law defense is unavailable in an FDCPA action when based upon a misinterpretation of the FDCPA itself, but the Court did not determine whether such a defense would be available when premised on the "misinterpretation of the legal requirements of state law or federal law other than the FDCPA." Jerman, 559 U.S. at 581 n.4. The Circuits are split "regarding whether the bona fide error defense applies to FDCPA violations arising from misinterpretations of *state* law," and the Eleventh Circuit has "not address[ed] this issue . . . ." Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1273 n.13 (11th Cir. 2011)(emphasis in original). In the absence of binding authority regarding this issue, the Court declines to strike O&L's Second Affirmative Defense.

**B. Third Affirmative Defense**

O&L's Third Affirmative Defense provides that:

Plaintiff's claims are barred, in part, by the FDCPA's one year statute of limitations found at 15 U.S.C. Section 1692k based on the allegations in the Complaint relating to an alleged invalid assignment filed in June 2016, almost 3 years before this suit was filed.

(Doc. #29, p. 9.) Plaintiff moves to strike this Affirmative Defense because "there is no statute of limitations issue in this case" because Plaintiff "clearly" satisfied the FDCPA's statute of limitations since the "violations alleged by Plaintiff . . . occurred no earlier than May 18, 2018." (Doc. #33, p. 5.) Because Section 1692k(d)'s one-year statute of limitations provides a valid affirmative defense to an FDCPA claim, Green v. Specialized Loan Servicing LLC, 766 F. App'x 777, 785 (11th Cir. 2019), O&L's Third Affirmative Defense as pled provides Plaintiff with fair notice of the grounds on which the defense rests. The Court need not resolve the parties' factual disputes and reach the merits of O&L's Third Affirmative Defense at this early state of the litigation.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike (Doc. #33) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this  30th  day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record