UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO AGUILAR,

    Plaintiff,

v.                        Case No: 2:19-cv-105-FtM-29NPM

LVNV FUNDING LLC and O&L LAW
GROUP, P.L.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Rule 11 Motion for Sanctions (Doc. #31) filed on May 1, 2019. Defendant filed a Motion for Leave to File Its Opposition to Plaintiff's Rule 11 Motion for Sanctions Nunc Pro Tunc (Doc. #36) on May 16, 2019, seeking to file the attached documents in response. The motion was granted and the attached Opposition (Doc. #36-2) was accepted as filing.

Plaintiff initiated this case on February 20, 2019. (Doc. #1.) In response, defendant LVNV Funding LLC[1] filed an Answer with Affirmative Defenses (Doc. #14) on April 4, 2019, and then an Amended Answer with Affirmative Defenses (Doc. #17) on April 9, 2019, raising one affirmative defense. On April 22, 2019, plaintiff filed a Motion to Strike Defendant LVNV Funding LLC's

---

[1] Defendant O&L Law Group, P.L. is not at issue.

Amended Affirmative Defense (Doc. #27) noting that counsel conferred and "counsel for Defendant agreed that Florida's litigation immunity/privilege does not apply to this case, but did not agree that the Noerr-Pennington doctrine or the First Amendment argument were inapplicable." (Doc. #27, p. 5.)  While this motion was still pending review, on May 1, 2019, plaintiff moved for sanctions arguing that the amended affirmative defense was based on an untenable legal theory.  On July 26, 2019, the Court issued an Opinion and Order (Doc. #47) granting plaintiff's Motion to Strike (Doc. #27) and allowing the filing of a Second Amended Answer and Affirmative Defenses.  The Court agreed that the Noerr-Pennington doctrine was not a valid affirmative defense to an FDCPA claim and granted the motion to strike on this basis.  On August 8, 2019, defendant filed a Second Amended Answer with Affirmative Defenses (Doc. #51) raising only one affirmative defense of a statute of limitations.

In the request for sanctions, plaintiff argued that the defense was frivolous with no reasonable chance of success, and therefore the Court should strike the frivolous defense and further prohibit defendant from asserting any further affirmative defenses.  A motion for sanctions must be set forth as a separate motion "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service

or within another time the court sets." Fed. R. Civ. P. 11(c)(2). See also Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment ("To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.")

Setting aside the issue of plaintiff's failure to fully comply with Rule 11's notice requirements, "Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation and internal quotation marks omitted).

> Rule 11 does not change the liberal notice pleading regime of the federal courts or the requirement of Fed. R. Civ. P. 8, which demands only a "short and plain statement of the claim." The rule does not require that pleadings allege all material facts or the exact articulation of the legal theories upon which the case will be based. The reasonable inquiry standard of Rule 11 does not preclude

>           plaintiffs from establishing the merits of
>           claims through discovery.  Nor is Rule 11
>           intended to chill innovative theories and
>           vigorous advocacy that bring about vital and
>           positive changes in the law.

Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987).  The Court granted the request to strike finding that the Noerr-Penington doctrine was not a valid defense to a FDCPA claim.  In granting the motion to strike, the Court essentially granted the relief sought in the motion for sanctions.  The Court declines to impose the additional harsh remedy of prohibiting all unrelated affirmative defenses or by granting monetary sanctions because the Court does not find that counsel's actions were an abuse of process or in bad faith.  The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Rule 11 Motion for Sanctions (Doc. #31) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record